IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CATHY SUE AND LARRY TYGART, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AM RESORTS, LLC, ATKINSON & MULLEN | : | NO.  11-3714 |
| TRAVEL II, LLC, ATKINSON & MULLEN | : | |
| TRAVEL, INC., APPLE VACATIONS, and | : | |
| SECRETS SILVERSANDS RIVIERA CANCUN, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

BUCKWALTER, S. J.                                                    September 22, 2011

Currently pending before the Court are: (1) Defendants AM Resorts, LLC, Atkinson &

Mullen Travel II, LLC, Atkinson & Mullen Travel, Inc., and Apple Vacations's (collectively

"Defendants") Motion for Summary Judgment; and (2) Plaintiffs Cathy Sue and Larry Tygart's

(collectively "Plaintiffs") Motion to Remand.  For the following reasons, Defendants' Motion for

Summary Judgment is granted and Plaintiffs' Motion to Remand is denied.

**I.       FACTUAL AND PROCEDURAL HISTORY**

On May 6, 2010, Plaintiffs were staying at the Secrets Silversands Riviera Cancun hotel

("Silversands") in Mexico.  (Compl. ¶¶ 7, 22-23.)  According to the facts alleged in the

Complaint, the lighting conditions in Plaintiffs' room were poor, and Plaintiff Cathy Sue Tygart

had difficulty seeing when she entered the room.  (Id. ¶¶ 24-25.)  As she walked across the floor,

she slipped on a "substance comprised of water and cleaning solution," which caused her to fall

and fracture her pelvis.  (Id. ¶¶ 25-27.)  The Silversands required Mrs. Tygart to pay $100 before

calling for medical assistance. (Id. ¶ 28.) When a doctor arrived, he performed no services and told her to go to a hospital. (Id. ¶ 29.) Mrs. Tygart then flew back to her home state of Colorado where she was treated for her injuries. (Id. ¶ 30.)

On April 27, 2011, Plaintiffs filed a Complaint in the Court of Common Pleas of Philadelphia County. The Complaint alleges that Defendants AM Resorts, LLC, Atkinson & Mullen Travel II, LLC, Atkinson & Mullen Travel, Inc., and Apple Vacations owned, maintained, and/or controlled Defendant Silversands. (Id. ¶¶ 13-16.) Plaintiffs claim that all Defendants acted negligently and/or recklessly by permitting a dangerous condition to exist, failing to detect and remedy that condition, failing to have appropriate procedures to inspect the premises, failing to warn business invitees that the floor was wet and/or slippery, failing to hire competent staff, and failing to have Mrs. Tygart airlifted from the Silversands hotel. (Id. ¶¶ 32-61.) Plaintiffs claim that the negligence and/or recklessness of all Defendants caused Mrs. Tygart's injuries. (Id.) Finally, Plaintiff Larry Tygart, Mrs. Tygart's husband, has brought a loss of consortium claim against all Defendants. (Id. ¶¶ 62-64.)

On June 8, 2011, Defendant Silversands filed a Notice of Removal. It claimed that diversity of citizenship existed pursuant to 28 U.S.C. § 1332(a) and removal was proper under 28 U.S.C. § 1441(b) by virtue of the fact that it was a citizen of Mexico, Plaintiffs were citizens of Colorado, and the remaining Defendants – all citizens of Pennsylvania – were fraudulently joined. (Def. Silversands's Notice of Removal ¶¶ 3-13.) After removing the case to this Court, Defendant Silversands filed on July 5, 2011 a Motion to Dismiss for Improper Service and Lack of Personal Jurisdiction. Plaintiffs did not oppose that Motion, which the Court granted on July 20, 2011.

On July 11, 2011, Defendants Apple Vacations, Atkinson & Mullen Travel II, LLC, and

Atkinson & Mullen Travel, Inc. filed a Motion for Summary Judgment, which was joined by

Defendant AM Resorts, LLC on August 1, 2011.  On July 26, 2011, the parties stipulated that

Plaintiff would have until August 12, 2011 to file an answer to the Motion for Summary

Judgment.  As of the date of this Memorandum and Order, Plaintiffs have not responded to

Defendants' Motion for Summary Judgment.

On August 3, 2011, Plaintiffs filed a Motion to Remand, and Defendants Apple

Vacations, Atkinson & Mullen Travel II, LLC, and Atkinson & Mullen Travel, Inc. filed a

Response in Opposition on August 15, 2011.  Defendant AM Resorts, LLC filed its own

Response in Opposition on August 17, 2011.

## II.     DISCUSSION

Before considering Defendants' Motion for Summary Judgment, the Court addresses

Plaintiffs' Motion to Remand in order to demonstrate that it has jurisdiction to hear this case.

### A.     Plaintiffs' Motion to Remand

28 U.S.C. § 1441(b) states as follows:

> Any civil action of which the district courts have original jurisdiction founded on a claim
> or right arising under the Constitution, treaties or laws of the United States shall be
> removable without regard to the citizenship or residence of the parties.  Any other such
> action shall be removable only if none of the parties in interest properly joined and served
> as defendants is a citizen of the State in which such action is brought.

Plaintiffs argue that because Defendants Apple Vacations, Atkinson & Mullen Travel II, LLC,

Atkinson & Mullen Travel, Inc., and AM Resorts, LLC are citizens of Pennsylvania, where the

original Complaint was filed, removal was not proper under 28 U.S.C. § 1441(b), and the case

should therefore be remanded to the Court of Common Pleas of Philadelphia County.  (Pls.'

Mem. Supp. Mot. Remand 3.)

Defendants respond with two arguments.[1] First, they contend that pursuant to 28 U.S.C. § 1447(c), Plaintiffs had thirty days from the date the Notice of Removal was filed to move to remand.[2] (Defs.' Br. Opp'n 1-2.) Because Defendant Silversands removed this case on June 11, 2011 and Plaintiffs' Motion to Remand was not filed until August 3, 2011, Defendants assert that any objection to removal has been waived. (Id. at 3.) In support of this argument, they cite to Korea Exchange Bank, New York Branch v. Trackwise Sales Corp., 66 F.3d 46 (3d Cir. 1995). (Id. at 1-2.) In that case, the Third Circuit concluded that as long as a district court has subject matter jurisdiction, a case cannot be remanded after the thirty-day statutory period simply because there was a procedural defect in the removal process. Korea Exchange, 66 F.3d at 50-51. Significantly, the Third Circuit held that § 1441(b)'s bar against removal by a forum-state defendant is a procedural, rather than a jurisdictional, defect. Id. at 50. Second, Defendants contend that because they were fraudulently joined in this matter, § 1441(b) did not prohibit them from removing this case to federal court.

The Court agrees that Korea Exchange is binding precedent that precludes Plaintiffs from remanding this case. Even if Defendant Silversands's initial removal of this action was improper under § 1441(b), it was a procedural defect that did not divest this Court of subject matter

---

[1] The Court refers to the arguments raised in the Response in Opposition filed by Defendants Apple Vacations, Atkinson & Mullen Travel II, LLC, and Atkinson & Mullen Travel, Inc. The separate Response Brief filed by Defendant AM Resorts, LLC merely incorporates these arguments by reference. (See Def. AM Resorts LLC's Resp. Opp'n 5-6.)

[2] See 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

jurisdiction.  Therefore, Plaintiffs were still required under 28 U.S.C. § 1447(c) to file a motion

to remand within thirty days of the Notice of Removal.  Because they did not move to remand

within the thirty-day period, any objections to removal were waived.  Accordingly, the Court

denies Plaintiffs' Motion to Remand on the grounds that it is untimely, and it is therefore

unnecessary to consider Defendants' alternative argument pertaining to fraudulent joinder.

        **B.**       **Defendants' Motion for Summary Judgment**

             **1.**       **Standard of Review**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.

56(a).  A factual dispute is "material" only if it might affect the outcome of the case.  Anderson

v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  For an issue to be "genuine," a reasonable fact-

finder must be able to return a verdict in favor of the non-moving party.  Id.

On summary judgment, it is not the court's role to weigh the disputed evidence and

decide which is more probative, or to make credibility determinations.  Boyle v. County of

Allegheny, Pa., 139 F.3d 386, 393 (3d Cir. 1998) (citing Petruzzi's IGA Supermarkets, Inc. v.

Darling-Delaware Co., Inc., 998 F.2d 1224, 1230 (3d Cir. 1993)).  Rather, the court must

consider the evidence, and all reasonable inferences which may be drawn from it, in the light

most favorable to the non-moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475

U.S. 574, 587-88 (1986) (citing U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962)); Tigg Corp. v.

Dow Corning Corp., 822 F.2d 358, 361 (3d Cir. 1987).  If a conflict arises between the evidence

presented by both sides, the court must accept as true the allegations of the non-moving party,

and "all justifiable inferences are to be drawn in his favor."  Anderson, 477 U.S. at 255.

Although the moving party bears the initial burden of showing an absence of a genuine

issue of material fact, it need not "support its motion with affidavits or other similar materials

negating the opponent's claim." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  It can meet

its burden by "pointing out . . . that there is an absence of evidence to support the nonmoving

party's case." Id. at 325.  Once the movant has carried its initial burden, the opposing party

"must do more than simply show that there is some metaphysical doubt as to material facts."

Matsushita Elec., 475 U.S. at 586.  "[T]here is no issue for trial unless there is sufficient

evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson,

477 U.S. at 249.  Summary judgment may be granted when "the evidence is merely colorable . . .

or is not significantly probative." Id. at 249-50 (citations omitted).

When a party fails to respond to a motion for summary judgment, a court must

nevertheless address the merits of the unopposed motion. Roebuck v. U.S., No. CIV.A.11-2966,

2011 WL 3665846, at *1 (E.D. Pa. Aug. 19, 2011) (citing Stackhouse v. Mazurkiewicz, 951 F.2d

29, 30 (3d Cir. 1991)).  The moving party's factual assertions, however, will be considered

undisputed. Id. (citing FED. R. CIV. P. 56(e)).

### 2.    The Merits of Defendants' Motion

In Pennsylvania, "'[p]ossessors of land owe a duty to protect invitees from foreseeable

harm.'" Craig v. Franklin Mills Assocs., L.P., 555 F. Supp. 2d 547, 549 (E.D. Pa. 2008) (quoting

Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983)).  Invitees include any "'person who is

invited to enter or remain on land for a purpose directly or indirectly connected with business

dealings with the possessor of the land'" Id. (citing RESTATEMENT (SECOND) OF TORTS § 332)).

Here, Plaintiffs allege that all Defendants either owned, maintained, or controlled the

6

Silversands hotel, and are liable for failing to prevent Mrs. Tygart's injuries. (Compl. ¶¶ 13-16,

32-61.) Defendants Apple Vacations, Atkinson & Mullen Travel II, LLC, Atkinson & Mullen

Travel, Inc., and AM Resorts, LLC have moved for summary judgment on the entirety of

Plaintiffs' Complaint. They argue that Plaintiffs cannot show that they owned or controlled the

Silversands, and therefore had no duty to prevent the alleged harm. (Defs.' Br. Supp. Mot.

Summ J. 5.) In support of this argument, Defendants cite to the affidavit of Mauricio Martinez,

who is the general manager of the Silversands. (Id. at 3.) Mr. Martinez avers that at the time of

the incident, the Silversands was owned and operated by a company called Efesyde S.A. de C.V.,

and that the moving Defendants had no ownership affiliation with the hotel. (Id., Ex. 2(b).) This

factual assertion was confirmed by Julia Davidson (Chief Financial Officer for Defendants Apple

Vacations, Atkinson & Mullen Travel II, LLC, and Atkinson & Mullen Travel, Inc.) and Javier

Coll (Chief Financial Officer for Defendant AM Resorts, LLC), who state in their own affidavits

that none of the moving Defendants owned or controlled the Silversands at any time. (Id., Ex.

2(b); Def. AM Resorts, LLC's Br. Supp. Resp. & Joinder Mot. Summ J., Ex. A.)

Based upon the evidence presented in Defendants' unopposed Motion for Summary

Judgment, the Court finds that there is no genuine issue of material fact that could render a

decision in favor of Plaintiffs. Defendants assert that they had no control of any kind over the

Silversands at the time of the alleged incident. Plaintiffs have not challenged this factual

assertion. As such, Defendants did not have a duty to prevent Mrs. Tygart's injuries, and their

Motion for Summary Judgment is granted.

## III.    CONCLUSION

For all of the foregoing reasons, the Court finds that Plaintiffs' Motion to Remand is

untimely, and is accordingly denied.  In addition, Defendants have introduced uncontested

evidence that they did not own or control the Silversands hotel at the time Plaintiff Cathy Sue

Tygart sustained her injuries.  Therefore, Defendants had no duty to Mrs. Tygart and are not

liable for failing to prevent her fall.  Defendants' Motion for Summary Judgment is granted and

this case is closed.

  An appropriate Order follows.